UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RYAN SHINN, individually and on behalf of
all others similarly situated,

        Plaintiff,

v.                                    Case No.: 9:22-cv-80659-DMM

R1 RCM INC. d/b/a MEDICAL FINANCIAL
SOLUTIONS,

        Defendant.
_____/

## DEFENDANT, R1, RCM, INC.'S, MOTION TO DISMISS CLASS ACTION COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant, R1 RCM, Inc., d/b/a Medical Financial Solutions ("R1"), pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 7.1, hereby moves this Court to dismiss the Class Action Complaint filed by Ryan Shinn, and states in support thereof as follows:

1. On March 29, 2022, Plaintiff Ryan Shinn, filed a complaint in Palm Beach County, Florida, alleging that defendant, R1, violated the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (the "Act"). R1 timely removed the state court action to this Court.

2. The Act applies to debt collectors attempting to collect consumer debts and requires such debt collectors to provide certain disclosures in their communications to accountholders. Mr. Shinn alleges that R1 failed to disclose that it is a debt collector as required by section 1692e(11) of the Act. Compl. at ¶¶ 22-23.

3. But Mr. Shinn does not plead any factual allegations to suggest that R1 is, in fact, a debt collector, as defined by the Act. Instead, Mr. Shinn merely concludes, without any factual allegations, that R1 is a debt collector under the federal Act and its state counterpart, and otherwise

repeats portions of the statutory definition of the term "debt collector" without factual support. Compl. at ¶¶ 6-8, 15.

4. These allegations do not satisfy the federal pleading requirements of Rule 8 as clarified in *Iqbal* and *Twombly*.

5. Moreover, these allegations do not satisfy the pleading requirements established by the Eleventh Circuit specific to a defendant's status as a *debt collector* under the Act. *See Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1313 (11th Cir. 2015).

6. Accordingly, Mr. Shinn's complaint must be dismissed for failure to state a claim for which this Court may grant relief until such time as Mr. Shinn can, consistent with the obligations of Rule 11, allege facts to plausibly suggest that R1 meets the definition of a *debt collector* with respect to the account on which R1 sent him a billing statement.

WHEREFORE, R1 RCM, Inc., respectfully requests that the Court enter an order dismissing the Complaint, without prejudice, and enter such further relief as the court deems appropriate.

## MEMORANDUM OF LAW

### I. Introduction

This motion presents one simple issue. The Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "Act") creates obligations and prohibitions that are applicable only to *debt collectors*, a term that the Act defines. Thus, to allege any valid claim under the Act, a plaintiff must allege facts, consistent with Rule 8, to show that the defendant is a *debt collector* as a threshold issue. A plaintiff cannot discharge this burden through merely alleging "Defendant is a 'debt collector' as defined by the FDCPA and FCCPA" and repeating portions of that statutory definition, as Mr. Shinn has done here. Under the Supreme Court's clear precedent in *Iqbal*, the

Court cannot simply accept these legal conclusions without factual support and, as a result, Mr. Shinn's complaint must be dismissed until he can plead *factual* allegations, consistent with his obligations under Rule 11, to show that R1 meets the definition of a *debt collector* under the Act.

### II. Legal Standard

A complaint is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) if it does not contain more than mere labels or conclusory statements as to its claim; a formulaic recitation of the elements of the pled cause of action is insufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Courts must not assume the validity of legal conclusions and such conclusions must be supported by factual allegations. *Miljkovic v. Shafritz & Dinkin P.A.*, 791 F.3d 1291, 1297 (11th Cir. 2015). That is, legal conclusions may only provide the framework of the complaint; they must be supported by well-pleaded factual allegations. *Iqbal*, 556 U.S. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

In *Iqbal* and *Twombly*, the Supreme Court made clear the analytical process that a court should undertake when ruling on a motion to dismiss for failure to state a claim. First, the court should identify any legal conclusions presented in the complaint and, for the purpose of ruling on the motion, ignore these allegations. *Id*. Then, the court should assume the veracity of only well-pleaded factual allegations in the complaint and "determine whether they plausibly give rise to an entitlement to relief." *Id*.

In *Twombly*, this analysis first led the Court to reject the naked conclusion that the defendants "ha[d] entered into a contract, combination or conspiracy to prevent competitive entry [...] and ha[d] agreed not to compete with one another." *Twombly*, 550 U.S. at 551. If the Court had assumed the veracity of this conclusion, as the Court later noted, the complaint would have been

3

permitted to stand. *Iqbal*, 129 S. Ct. at 1950. Instead, the Court looked to see if that legal conclusion was supported by factual allegations. *Id*.

Next, the Court considered the well-pleaded factual allegations that the two defendants had engaged in parallel conduct, in order to determine whether those facts, which it assumed to be true, "gave rise to a 'plausible suggestion of conspiracy.' " The Court held that they did not make a plausible suggestion of conspiracy, reasoning that, while parallel behavior can be consistent with an illicit agreement, it is also compatible with lawful free-market behavior. *Id*. (*citing Twombly*, 550 U.S. at 567). As a result, the Supreme Court held that the complaint must be dismissed. *Id*.

### III. Mr. Shinn has offered only legal conclusions in his Complaint that the Act applies to R1 and, as a result, this Court should dismiss his complaint.

As noted above, the only allegations in the Complaint concerning R1's purported status as a debt collector under the Act, and thus subject to its requirements, are legal conclusions. Plaintiff actually quotes a portion of the statutory definition of a debt collector under the Act, but a recitation of statutory text is nothing more than a legal conclusion, and is not entitled to any deference on a motion to dismiss. As such, Mr. Shinn's complaint should be dismissed.

As a threshold issue, a plaintiff must plead that the defendant is a debt collector under the Act to survive a motion to dismiss claims under the Act. *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1313 (11th Cir. 2015). The Act defines debt collector as: "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The Act provides multiple exceptions to this provision, including "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity

[...] (iii) concerns a debt which was not in default at the time it was obtained by such person[.]" 15 U.S.C. § 1692a(6)(F)(iii).

In *Davidson*, the plaintiff sued Capital One Bank, alleging that it was a debt collector and that it had failed to comply with requirements of the Act when it sent a letter to the plaintiff on a defaulted credit card account. *Id*. at 1311. The plaintiff alleged that defendant "regularly acquires delinquent and defaulted consumer debts that were originally owed to others" and "has attempted to collect such delinquent or defaulted debts in the regular course of its business, using the mails and telephone system." *Id*. at 1317. The Eleventh Circuit held that these allegations failed to show that the defendant was a *debt collector* subject to the Act. First, the court found that the allegation that the defendant had attempted to collect on accounts originally owed to others did not sufficiently allege that the *principal purpose* of the defendant's business was the collection of such debts. Second, the court found that the allegation that the defendant regularly sought to collect on accounts originally due to others did not *show* that the defendant was a debt collector under the Act. *Id*. at 1318.

The plaintiff argued that it was irrelevant whether the defendant met these two prongs of the definition of a debt collector, because the subject account was in default at the time that Capital One acquired the account and sought payment on it. *Id*. at 1313. The court rejected this argument, finding that the default status of the subject account only becomes relevant if the defendant otherwise meets the definition of a debt collector. *Id*. at 1313-16. That is, the plaintiff must first allege facts showing that the defendant's principal business purpose is the collection of consumer debts, or that the defendant regularly seeks to collect on debts due to another. Only then, once the plaintiff properly pleads such facts, should the court consider the default status of the account at issue. The court reasoned that the statute's language in section 1692a(6) of the Act compelled this

procedure. *See also Henson v. Santander Consumer USA, Inc.*, 137 S. Ct. 1718, 1725 (2017) (same holding on purchase of defaulted accounts, affirming dismissal under Rule 12(b)(6)).

Additionally, a plaintiff must allege that the account at issue was not in default when a defendant first obtained it and began servicing it. *See Isner-Monticello v. Nelnet, Inc.*, No. 8:20-cv-2135, 2021 WL 1854631, at *2 (M.D. Fla. May 10, 2021). The *Nelnet* court held "[the plaintiff] must adequately allege that her student-loan debt was in default when the defendants began servicing it." *Id*. (*citing Davidson*, 797 F.3d at 1313). Based on the plaintiff's failure to do so, the court dismissed her claim under the Act, with prejudice. *Id*.

As in *Davidson* and *Nelnet*, Mr. Shinn has not alleged any facts to show that R1 satisfies the statutory definition of a debt collector under the statute, nor has Mr. Shinn alleged facts to show that R1 is not excluded from the definition by the exemption provided by section 1692a(6)(F)(iii). Although Mr. Shinn baldly asserts in his Complaint that R1 is engaged in the business of collecting consumer debts, he does not address the requirement that this be the *principal purpose* of R1's business. Next, although the Complaint states that R1 "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another," this merely parrots one of the alternative definitions of debt collector under the Act without alleging any facts to show the truth of this legal conclusion. Compl. at ¶ 8. The *Davidson* court rejected these allegations as insufficient to show the application of the Act at the pleading stage.

Finally, the complaint does not contain any allegation that the specific account at issue was in default at the time that R1 first obtained the account, or that it was even in default when R1 sent the January 27 letter to him. The Complaint contains only a legal conclusion that R1 is a debt collector as defined by the Act, and recites portions of that statutory definition, quoted verbatim,

without any supporting facts. These allegations are insufficient under *Iqbal* and *Twombly* to sustain Mr. Shinn's burden to plead facts showing the Act applies to R1.

In fact, the Eleventh Circuit addressed nearly identical allegations, albeit in an unpublished decision, and found that the allegation that "defendant[s] are debt collectors as defined under the [. . .] FDCPA" was insufficient to plead a defendant is a statutorily defined debt collector subject to the Act. *Solis v. CitiMortgage, Inc.* 699 Fed. Appx. 891, 894 (11th Cir. 2017). The court found that there were no facts by which a court could plausibly infer that the defendant's principal purpose was the collection of debts owed to another, or that it regularly engaged in such activity to support those legal conclusions. *Id*. Further, the plaintiff alleged that the collector obtained the account for servicing seven years before default. Thus, the Court found, the plaintiff affirmatively pleaded facts showing that the defendant could not be a debt collector with respect to the debt, another reason for affirming dismissal of the complaint. *Id*.

Indeed, the exhibit incorporated by reference into the Complaint as Exhibit A, a letter from Defendant dated January 27, 2022, suggests that R1 is *not* a debt collector with respect to Mr. Shinn's account.[1] *See* Compl. at ¶ 17. This exhibit contains multiple representations that the subject account is not yet in default. In the first paragraph, the letter states "[t]he Amount Due of $1,851.83 is not currently in default but it is very important that we hear from you." Exh. A at 1. Then, at the bottom of the letter, it states, "Medical Financial Solutions is a non-credit reporting,

---

[1] In the Complaint, Plaintiff identified the letter dated January 27, 2022, from R1 to Mr. Shinn on an account owed to Ascension St. Vincent's Clay County, but failed to actually include the letter in the electronic filing. Attached hereto as Exhibit A is a copy of the January 27 letter, the intended Exhibit A to the Complaint, for the court's reference. Mr. Shinn's counsel provided the letter to R1 upon request following the filing of the Complaint. This Court may properly consider this exhibit, as it was expressly identified in the complaint, was incorporated into the complaint, and is central to Mr. Shinn's claims. *Crowder v. Delta Air Lines, Inc.*, 963 F.3d 1197, 1202 (11th Cir. 2020) (affirming dismissal of plaintiff's claims and stating "documents attached to a motion to dismiss may be considered by the district court without converting the motion into one for summary judgment if they are central to the plaintiff's claim and their authenticity is not challenged.")

third party agency. Our company works as an extended business office for Ascension St. Vincent's Clay County to ensure *your account is in good standing and does not go into default.*" Id. (emphasis supplied). Notably, a nearly identical closing was included in a letter to a plaintiff on an account for which the District Court found, and the Eleventh Circuit affirmed, was not in default nor treated by the defendant as if it were in default. *Church v. Accretive Health, Inc.*, No. 14-0057-WS-B, 2015 WL 7572338, at *5, 9-10 (S.D. Ala. Nov. 24, 2015), *aff'd* 654 Fed. Appx. 990, 995 (11th Cir. 2016).[2] Thus, the exhibit, which controls over any inconsistent allegations in the Complaint, indicates that the account was not in default, nor treated as in default, when R1 d/b/a Medical Financial Solutions began servicing it. Further, Mr. Shinn has not made any allegations that these statements were false when made. Accordingly, as in *Twombly*, the *factual* allegations, derived from the January 27 letter, do not support the conclusion asserted in the Complaint by Plaintiff that R1 is a debt collector. Rather, they tend to show that the claims fail, as a matter of law.

The case law indicates that a plaintiff must allege facts to make two different showings to support that a defendant is a "debt collector" as defined by the Act. First, the plaintiff must allege facts showing that the defendant's principal business purpose is the collection of consumer debts, or that it regularly uses instrumentalities of commerce to collect consumer debts owed to another. Second, the plaintiff must plead that the specific account at issue was already in default when the defendant began servicing it. Both are necessary factual allegations to support a claim under the

---

[2] Defendant, R1 RCM, Inc., was formerly known as Accretive Health, Inc., the defendant in the *Church* case.

Act, but Plaintiff has satisfied neither requirement here. Accordingly, Mr. Shinn's complaint should be dismissed. [3]

### IV. Mr. Shinn's allegations concerning the Florida Consumer Collection Practices Act are irrelevant here.

In addition to the legal conclusions in the complaint concerning the Act, Mr. Shinn includes legal conclusions and one factual allegation concerning the applicability of the Florida Consumer Collection Practices Act, § 559.55 *et seq.*, Fla. Stat. (the "Florida Act"), a set of laws that largely mirrors the federal Act. Mr. Shinn alleges that R1 is a "consumer collection agency" and that it has registered as such with the Florida Office of Financial Regulation. Compl. at ¶¶ 9-10. These allegations do not add anything to the analysis of whether R1 is a debt collector to which the Act applies.

First, the allegation that R1 is a "consumer collection agency" is simply another legal conclusion and, as discussed above, is not entitled to the assumption of veracity. Additionally, even if this could be assumed true at this point, the definition of a consumer collection agency is expressly larger than that of a debt collector. The Florida Act defines "debt collector" almost identically to the federal Act. § 559.55(7), Fla. Stat. However, the Florida Act's definition of "consumer collection agency" incorporates anyone who meets the definition of a "debt collector," plus adds any entity that solicits for collection of consumer accounts. § 559.55(3), Fla. Stat.

---

[3] If, on amendment of the Complaint, Plaintiff cures the pleading deficiencies, the ultimate determination of whether or not R1 began servicing the account prior to Plaintiff's default could be a factual issue to be addressed on summary judgment. *See Id.; see also, Wagoner vs. NPAS, Inc.*, 456 F. Supp 3d (N.D. Ind. 2020) (granting summary judgment in favor of healthcare billing company on basis that it was not a debt collector under the Act because it served as an extension of the hospital in facilitating collection, and because its communications emphasized that the account was not in default). Nonetheless, to sufficiently state a claim under the Act at the pleading stage, Plaintiff must first plead the necessary factual allegations to support Plaintiff's contention that R1 is a debt collector, if he can do so consistent with Rule 11, Fed. R. Civ. P.

Moreover, it is irrelevant that R1 has registered as a consumer collection agency in Florida. As noted above, the definition is broader than that of a debt collector under the Act, and thus a company can qualify as a consumer collection agency under the Florida Act and not as a debt collector under the federal Act. But even if the definitions were identical, the registration still would not constitute an admission that R1 is a debt collector, nor establish that R1 meets the statutory definition. *Fenello v. Bank of Am., N.A.*, 577 Fed. Appx. 899, 902 (11th Cir. 2014). In *Fenello*, the plaintiff alleged that Bank of America was a debt collector under the Act and alleged in support of that conclusion that, among other things, Bank of America disclosed on its letters that it was a debt collector and the letter was an attempt to collect a debt. *Id*. The plaintiff argued that the defendant should be bound by these representations. *Id*.

The *Fenello* court rejected this argument. The court found that this argument relied on the flawed assumption that a "litigant can amend the definition of a statutorily-defined term" and that "[d]efinitions belong to the definers, not the defined." *Id*. (*citing U.S. v. Contreras*, 739 F.3 d 592, 596 (11th Cir. 2014)). The 11th Circuit held that "the district court correctly concluded that Bank of America was not a 'debt collector' for purposes of § 1692g(b) because its debt collection activities involved a debt that was not in default at the time Bank of America became the servicer." *Id*. Accordingly, it affirmed dismissal of the plaintiff's complaint.

Finally, reliance on R1's registration as a consumer collection agency as plausibly suggesting that R1 is a debt collector under the Act would ignore the scenario where a company could be a debt collector, generally, and thus subject to the application of the Act in *most* circumstances, yet be excluded from the definition for specific accounts under section 1692a(6)(F)(iii) of the Act. *See id*. (holding that servicer could not be a debt collector under the Act with respect to specific account, even though it represented in its letter that it was a debt collector, because account was

not yet in default when it began servicing the account). This exception is what led courts to require plaintiffs to plead that the particular account at issue was in default at the time that the defendant obtained it for servicing. *See Nelnet*, 2021 WL 1854631, at * 2.

## V. Conclusion

Mr. Shinn has filed a class action complaint against R1 asserting a violation of the Fair Debt Collection Practices Act premised *entirely* on R1's failure to disclose in its letter to him that R1 is a *debt collector*. But Mr. Shinn has failed to allege the facts required of him on this very issue, a threshold issue, facts required to plausibly suggest that R1 is, *in fact*, a debt collector. The Eleventh Circuit has, on multiple occasions, confirmed that *Iqbal* and *Twombly* require more from a plaintiff than merely alleging the statutory text defining a debt collector under the Act. Instead, to support a claim under the Act, a plaintiff must allege *facts* showing:

- that the defendant's principal business purpose is the collection of consumer debts, or that it regularly uses instrumentalities of commerce to collect consumer debts owed to another; and
- that the specific account at issue was already in default when the defendant began servicing it.

Plaintiff has failed to satisfy these pleading requirements here. Accordingly, Mr. Shinn's class action complaint must be dismissed.

**SMITH, GAMBRELL & RUSSELL, LLP**
*/s/ Scott S. Gallagher*
Scott S. Gallagher
Florida Bar No. 0371970
sgallagher@sgrlaw.com
Richard D. Rivera
Florida Bar No. 108251
rrivera@sgrlaw.com

          Nicole L. Kalkines
          Florida Bar No. 1003293
          nkalkines@sgrlaw.com
          50 North Laura Street, Suite 2600
          Jacksonville, Florida 32202
          Tel: (904) 598-6111
          Fax: (904) 598-6211

*Attorneys for Defendant, R1 RCM, Inc.,
d/b/a Medical Financial Solutions*

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will cause a Notice of Electronic Filing to be sent to:

Jibrael S. Hindi, Esq.
Thomas J. Patti, Esq.
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Ft. Lauderdale, FL 33301
Tel.: (954) 907-1136
Fax: (855) 529-9540
Email: jibrael@jibraellaw.com
Email: tom@jibraellaw.com

*Attorneys for Plaintiff*

          */s/ Scott S. Gallagher*
                Attorney