UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:22-cv-80659-DMM

RYAN SHINN,
*individually and on behalf of all others
similarly situated*,

    Plaintiff,

vs.

R1 RCM INC,
d/b/a MEDICAL FINANCIAL SOLUTIONS,

    Defendant.
_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Ryan Shinn ("Plaintiff") brings this class action against Defendant R1 RCM Inc d/b/a Medical Financial Solutions ("Defendant") for violations the Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION, VENUE, AND STANDING

1. This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

2. Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state.

3. Venue for this action is proper in this Court because all facts giving rise to this action occurred in this circuit.

4. Plaintiff has standing to maintain this action because Plaintiff suffered a legal injury as a result of Defendant's violations of the FDCPA, and because Plaintiff is not requesting an

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

advisory opinion from this Court. Thus, Plaintiff has a sufficient stake in a justiciable controversy and seeks to obtain judicial resolution of that controversy.

## FACTS

5. This action involves the debt arising from a transaction between the original creditor, Ascension St. Vincent (the "Original Creditor"), and Plaintiff, of which was primarily for the personal benefit of Plaintiff, Plaintiff's family, as well as members of Plaintiff's household (the "Consumer Debt").

6. The Consumer Debt arises from medical services the Original Creditor afforded to Plaintiff.

7. Payment for the Consumer Debt was immediately due upon the Original Creditor rendering the underlying medical services to Plaintiff.

8. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

9. Defendant is a business entity engaged in the business of collecting consumer debts.

10. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

11. Defendant is a "consumer collection agency" as defined by Fla. Stat. § 559.55(3).

12. Defendant is registered as a "Consumer Collection Agency" with the Florida Office of Financial Regulation and Defendant's "Consumer Collection Agency" license number is CCA9901469.

13. Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

14. The records specified by Rule 69V-180.080, Florida Administrative Code, of which does Defendant maintain, are current to within one week of the current date.

15. The Consumer Debt is a "debt" governed by the FDCPA and FCCPA.

16. Plaintiff is a "consumer" within the meaning of the FDCPA.

17. Defendant is a "debt collector" as defined by the FDCPA and FCCPA.

18. On a date better known by Defendant, the Original Creditor referred the collection of the Consumer Debt to Defendant.

19. The Consumer Debt was in default prior to the Original Creditor referring the Consumer Debt to Defendant for collection.

20. The Consumer Debt was in default when the Original Creditor referred the Consumer Debt to the Defendant for collection.

21. On a date better known by Defendant, it began attempting to collect the Consumer Debt from Plaintiff.

22. The Consumer Debt was in default before Defendant began attempting to collect the Consumer Debt from Plaintiff.

23. Prior to January 27, 2022, the Consumer Debt was in default.

24. On January 27, 2022, Defendant sent Plaintiff a letter in an attempt to collect the Consumer debt. Attached as Exhibit "A" is a copy of said letter (the "Collection Letter").

25. In the Collection Letter, Defendant never disclosed that the Collection Letter is a communication from a debt collector.

26. In the Collection Letter, Defendant never disclosed that Defendant is a debt collector.

27. Defendant engaged in activity constituting "any action to collect [a] debt" by sending the Collection Letter to Plaintiff.

28. The Collection Letter is a communication from Defendant to Plaintiff in connection with the collection of a debt.

29. The Collection Letter was required to comply with, among other things, the disclosure requirements of 15 U.S.C. § 1692e(11) ("The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector,..").

30. The Collection Letter does not comply with the disclosure requirements of 15 U.S.C. § 1692e(11).

31. Defendant knew that its debt collector efforts that targeted Florida consumers needed to comply with the FDCPA for Defendant's Consumer Collection Agency license (CCA9901469) to remain valid.

## CLASS ALLEGATIONS

### PROPOSED CLASS

32. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff, individually, and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3). The "Class" that Plaintiff seeks to represent is the "FDCPA Class" defined below.

33. The "**FDCPA Class**" consists of: (1) all persons with Florida addresses (2) who received a letter attempting to collect a debt (3) from Defendant or someone on Defendant's behalf

(4) wherein Defendant did not state that it (Defendant) was a debt collector, that Defendant attempting to collect a debt, and/or that any information obtained could be used for that purpose (5) during the twelve [12] months preceding the filing of this Complaint.

34. Defendant and its employees or agents are excluded from the Class.

35. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

36. Upon information and belief, Defendant has sent thousands of debt collection letters to thousands of consumers throughout the United States without disclosing, *among other things*, that Defendant is a debt collector, that said letter was an attempt to collect a debt, and that any information could be used for that purpose. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

37. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### COMMON QUESTIONS OF LAW AND FACT

38. There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the Classes are: [1] Whether Defendant sent a letter to Plaintiff and members of the Classes in an attempt to collect a debt; [2] Whether Defendant is a debt collector; [3] Whether Defendant's conduct was knowing and willful; [4] Whether Defendant is liable for damages, and the amount of such damages; and [5] Whether Defendant should be enjoined from such conduct in the future.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

39. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely sends debt collection letters to consumers without including the necessary disclosure therein is accurate, Plaintiff and members of the Classes will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

40. Plaintiff's claims are typical of the claims of the members of the Classes, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

41. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

42. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Class are in the millions of dollars, albeit limited to $500,000 or 1% of Defendant's net worth, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual members of the Class prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

43. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For

example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

### COUNT I
### VIOLATION OF 15 U.S.C. § 1692e(11)
*Individually and on behalf of the FDCPA Class*

44. Plaintiff incorporates by reference paragraphs 5-43 as though fully set forth herein.

45. The sixteen subsections of §1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "[t]he failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector…." *See* 15 U.S.C. § 1692e(11).

46. As stated above, Defendant sent the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt. Notwithstanding whether the Collection Letter was Defendant's initial communication with Plaintiff, nowhere in the Collection Letter does Defendant state that it (Defendant) is a debt collector, nor does the Collection Letter state that it (the Collection Letter) is a communication from a debt collector.

47. Accordingly, Defendant violated § 1692e(11) of the FDCPA in two ways: (1) by failing to state that it (Defendant) was a debt collector in the Collection Letter; and (2) by failing to state in the Collection Letter that it (the Collection Letter) was a communication from a debt collector.

48. WHEREFORE, Plaintiff, individually and on behalf of the FDCPA Class, requests the Court enter judgment in favor of Plaintiff, individually and on behalf of the FDCPA Class, and against Defendant for:

(a) Statutory damages, as provided under 15 U.S.C. § 1692k;

(b) Costs and attorneys' fees, as provided by 15 U.S.C. § 1692k; and

(c) Such other or further relief as the Court deems proper.

Dated: March 25, 2022

Respectfully Submitted,

/s/ Thomas J. Patti
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:      855-529-9540

*COUNSEL FOR PLAINTIFF*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 19, 2022, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                                         /s/ Thomas J. Patti
                                         **THOMAS J. PATTI, ESQ.**
                                         Florida Bar No.: 118377